# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DEBORAH LAUFER,
Plaintiff,

v().  Case No. 1:20-cv-03265-SAG

HITESHBHAI PATEL,
Defendant

## PLAINTIFF'S MEMO IN OPPOSITION TO DEFENDANT'S NOTICE REGARDING FAILURE TO DESIGNATE RELATED CASES

Comes now Plaintiff, (hereinafter "Plaintiff"), by and through her attorney, in opposition to Defendant's Notice Regarding Failure to Designate Related Cases Pursuant to Local Rule 103.1(b). Specifically, Plaintiff states:

1. Contrary to Defendant's assertion, the instant Complaint does not arise from the same or identical transaction to any other case because each hotel online reservation system ("ORS") is different;

2. no other case involves identical parties (all defendants are different);

3. no other case involves the same property (every hotel and ORS is different);

4. and, no other court has ever held that such things are related cases; and

5. defendant completely fails to cite any authority in support of its frivolous theory. Local Rule 103.1.b.i provides that a plaintiff may designate a case as related to another case or cases "previously decided or pending" if, in relevant part, they: (1) "arise from the same or identical transactions, happenings, or events"; (2) "involve

the identical parties or property"; or (3) "for any other reason would entail substantial duplication of labor if heard by different judges." If the plaintiff does not designate a case as related to a prior case, defense counsel "shall bring that information to the attention of all parties and the Clerk." Local Rule 103.1.b.ii. Any disputes regarding whether a case is related to another case "shall be presented by motion to the judge to whom the new or later case has been assigned." Local Rule 103.1.b.iii. Defendant contends that the cases are related because "both Plaintiffs make the same factual allegations and assert the same causes of action against the same Defendants." Defendant's contention lacks merit. First, even though Plaintiff filed similar Complaints that bring the same causes of action, these complaints involve different Defendants, and as such, they do not "arise from the same or identical transactions, happenings, or events." Local Rule 103.1.b.i.(1). Second, the cases do not involve identical parties—the defendants are different. Different defendants have their own distinct ADA violations, and, as a result, different information that Defendants may have failed to disclose. Third, Defendant's concerns over duplicating efforts and avoiding inconsistent outcomes are unwarranted. See, Frazier v. Experian Info. Sols., 2018 U.S. Dist. LEXIS 214759, at 4-5 (D. Md. Dec. 21, 2018).

Respectfully Submitted,

*/s/ Tristan W. Gillespie*

Tristan W. Gillespie, Esq.

THOMAS B. BACON, P.A.
5150 Cottage Farm Rd.
Johns Creek, GA 30022
Tel:  404.276.7277
gillespie.tristan@gmail.com